### Jacob Doppelt v. Columbia Paper Stock Co.

1. TRIALS—*Without a Jury upon Conflicting Evidence.*—The finding of a judge before whom a case is tried without a jury, is entitled to as much weight as the verdict of a jury, as to the facts about which the evidence is conflicting.

2. Fees—*Of Witnesses Residing Outside of the State.*—A witness living outside of the State is as much entitled to witness fees for the distance necessarily traveled in the State, as if he lived in another county within the State.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

Elijah N. Zoline, attorney for appellant.

Leslie H. Whipp, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the court.

This case was originally begun by appellee before a justice of the peace, and appellant being beaten, appealed to the Circuit Court, when the cause was submitted to the court without a jury, and the appellant being again beaten there, has brought the case to this court for review.

The controversy is over the authority of one, claiming to be the agent of the appellant, to bind the appellant by a contract entered into by the purported agent, with appellee, for the purchase of a quantity of paper rags.

It was fairly established that the purported agent had no authority in the first instance to make the contract for appellee, but the question is whether appellant did not, after he was informed of the contract, ratify it and make it his own.

Gross, the purported agent, had a desk in the office of appellant and unauthorizedly used the letter-heads of appellant in the early correspondence with the appellee, and signed appellant's name to the letters, without authority to do so.

Two or three of the later letters were, however, written and signed by the appellant, and in them appellant does not allude at all to his contention that Gross was acting without his authority in buying the rags, but places his refusal to perform the contract solely on the ground that the rags were not according to the sample, not equal to what Gross told him were the kind of rags he had contracted for.    Nor

Doppelt v. Columbia Paper Stock Co.

did appellant deny when on the witness stand that he had knowledge of the earlier letters written by Gross and signed in the name of appellant.

Under such circumstances the finding of the Circuit Court against him is not so lacking in evidence to support it, as to justify us in reversing the judgment on the ground that there was no ratification shown of the authority of Gross.

The finding of a judge before whom a case is tried without a jury, is entitled to as much weight as the verdict of a jury, as to facts about which the evidence is conflicting. Greer v. Clay, p. 204, *ante.*

We find no error committed by the court in refusing to hold the propositions of law submitted by the appellant. The sale was by sample, and the evidence tended to show that the shipment was of rags that corresponded with the sample. The sale afterward made of them by the appellee for a price much below the price agreed by Gross to be paid for them, was a circumstance in the case entitled to consideration, but was not conclusive that they did not agree with the sample, and we ought not to disturb the finding of the trial court on that ground alone.

We have examined the point made with reference to the taxation of witness fees in behalf of non-resident witnesses. It appears that the witnesses lived in St. Louis, and were allowed fees at the statutory rate for the mileage traveled in this State.

A witness living outside the State is as much entitled under the statute to witness fees for the distance necessarily traveled in the State, as if he lived in another county within the State. Rev. Stat., Sec., 47, Chap. 43.

We think the witness fees were properly taxed. Observing no error in the record, the judgment is affirmed.